15-780
Hossen v. Lynch

BIA
Straus, IJ
A205 081 841

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand sixteen.

PRESENT:
GUIDO CALABRESI,
REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

MOFAZZAL HOSSEN,
*Petitioner,*

v.                                                          15-780
                                                           NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:              Joshua Bardavid, Esq.,
                             New York, New York.

FOR RESPONDENT:              Benjamin C. Mizer, Principal Deputy
                             Assistant Attorney General; Stephen
                             J. Flynn, Assistant Director; Evan
                             P. Schultz, Trial Attorney, Office
                             of Immigration Litigation, United
                             States Department of Justice,
                             Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mofazzal Hossen, a native and citizen of Bangladesh, seeks review of a February 19, 2015, decision of the BIA affirming a February 28, 2013, decision of an Immigration Judge ("IJ") denying Hossen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mofazzal Hossen,* No. A205 081 841 (B.I.A. Feb. 19, 2015), *aff'g* No. A205 081 841 (Immig. Ct. Hartford Feb. 28, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Given the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse

credibility determination on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, "without regard to whether" those determinations go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008). Under the "substantial evidence" standard of review, "[w]e defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 165-66, 167.

Here, the agency's adverse credibility determination is supported by substantial evidence. First the agency reasonably relied on the inconsistencies among Hossen's testimony and his credible fear interview, asylum application, and parents' letters regarding the severity of his injuries after an altercation with members of the rival political party, the Awami League. At the merits hearing, the IJ asked Hossen to describe his injuries. Hossen responded that he "had extreme pains." The IJ inquired if there was "[a]nything else," and Hossen said, "They hit me on my head. I got fainted,

3

I mean, and defenseless. And I found myself in my home later." The IJ confirmed that Hossen was knocked unconscious; Hossen responded, "Yes, I was unconscious when I fell on the ground and I don't remember anything after that." Certified Admin. Rec. ("CAR") 219-20). This account conflicted with his credible fear interview, during which he said he was beaten but "not very much injured." *Id.* at 364. Similarly, his asylum application referenced the beating, but omitted being knocked unconscious. *See id.* at 276. Letters from Hossen's parents confirmed Hossen's beating, stated that they "brought him home wounded," and that he was "under the care of a local doctor," but likewise omitted any mention that he was knocked unconscious. *Id.* at 340; *see also id.* at 342. When confronted with the inconsistencies, Hossen said that the asylum officer asked whether he was "greatly injured" and he answered no because he was "not taken to the hospital," and that someone else wrote his parents' letters because they are illiterate. *Id.* at 222. A reasonable adjudicator would not be compelled to credit these explanations, particularly because as discussed below, the record reflects other inconsistent evidence related to the beating. *See Majidi v. Gonzales*, 430 F.3d 77, 79-80 (2d

Cir. 2005).

Hossen argues that his testimony reflects that he may have become unconscious as a result of fainting, rather than being knocked unconscious by his assailant. But irrespective of what caused him to lose consciousness, the agency was entitled to deem the omission suspicious. "A lacuna in an applicant's testimony or omission in a document submitted to corroborate the applicant's testimony, like a direct inconsistency between one or more of those forms of evidence, can serve as a proper basis for an adverse credibility determination." *Xiu Xia Lin*, 534 F.3d at 166 n.3.

The agency also cited a letter from Hossen's neighbor, which conflicted with Hossen's account of the attack. While Hossen testified that the attack occurred at the headquarters of the Bangladesh National Party ("BNP"), of which he was a member, the neighbor recounted coming home from work the day of the attack to find "hoodlums" of the Awami League beating Hossen's family at their home and asking that Hossen "be handed over." CAR 335. Hossen's explanation for this inconsistency was that he was "unconscious during that time," and so perhaps "they came to our home, but I don't know anything about it."

5

*Id.* at 223-24.  The agency was not compelled to credit this explanation, especially where the letters from Hossen's parents did not support it.  *See* Majidi, 430 F.3d at 79-80.

Hossen's credibility was further undermined by his documentation from the BNP.  Specifically, the agency reasonably questioned the letter from the president of the BNP ward to which Hossen belonged.  During his testimony, Hossen twice said that the letter was written in early 2008, after he joined the BNP.  See CAR 182, 225.  But the letter refers to a general election in December 2008 that brought the Awami League to power in 2009 and bears an attestation date of August 2012.  It also refers to the "Awami Hoodlums" having beaten Hossen, presumably in reference to the December 2008 attack.  *Id.* at 328.  Hossen had no explanation for these date discrepancies.  *See id.* at 228-29.

The IJ also reasonably deemed two aspects of Hossen's testimony implausible.  "[I]n assessing the credibility of an asylum applicant's testimony, an IJ is entitled to consider whether the applicant's story is inherently implausible." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007).  Such a finding cannot be based on "bald speculation or caprice."

6

*Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir. 2007)*(en banc)*. But one that is based on "speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

The first implausibility finding related to Hossen's ascent in the party. At the age of 18 or 19, just months after joining the party, Hossen became general secretary of a 700-member ward. He clarified that title meant he was the "leader of the branch." CAR 210. When the IJ asked about his speedy promotion, Hossen explained, "I was very efficient while I worked." *Id.* at 213. The IJ reasonably deemed this implausible: common sense suggests that such a large political organization would not select a teenaged newcomer as its leader. *See id.* at 104. The second implausibility finding related to Hossen's testimony that he was never given a BNP membership card. In evaluating this testimony, the IJ relied on a document from the Immigration Refugee Board of Canada describing the

BNP's efforts since 2008 to issue standard membership documents to its members. On this basis, the IJ acted within his discretion in deeming it implausible that Hossen would not have a membership card. *See* Siewe, 480 F.3d at 168-69.

Hossen's argument that the agency overlooked a newspaper report describing the attack is belied by the record. In fact, the IJ explicitly described the newspaper clipping in his decision, noting that Hossen was asked why the clipping did not reflect the article's author. CAR 100.

These inconsistencies and implausibility findings relate directly to the basis for Hossen's claims and provide substantial evidence for the agency's adverse credibility determination. Because Hossen's applications for asylum, withholding of removal, and CAT relief were all based on the same factual predicate, this determination is dispositive of the entire petition. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

8

is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk